*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFF PROPERTIES, LLC,

        Petitioner-Appellant,

v

CITY OF WARREN,

        Respondent-Appellee.

UNPUBLISHED
July 20, 2023

Nos. 362978; 362979
Michigan Tax Tribunal
LC Nos. 22-000204; 22-000207

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

In these consolidated appeals,[1] petitioner, Jeff Properties, LLC, appeals the orders of the Michigan Tax Tribunal (MTT) affirming the decisions of respondent, the City of Warren, to "uncap" the taxable value of the relevant properties. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2007, John Andler and Mavis Andler (collectively "the parents") formed petitioner, a limited liability company. Petitioner's assets include two residential rental properties that are the subject of this dispute. In 2014, the parents assigned 100% of their interest in petitioner to their son, John Andler ("John Junior").

In 2021, John Junior, now the sole owner of petitioner, executed property transfer affidavits concerning the two properties. Respondent notified petitioner that these property transfers constituted a "transfer of ownership" under the General Property Tax Act (GPTA), MCL 211.1 *et seq.* that would result in the taxable value of the properties to become "uncapped," and the taxes due on the properties increased. Petitioner appealed these decisions to the MTT, arguing the assignment of petitioner from the parents to John Junior was a transfer between "relatives by blood or affinity to the first degree," therefore the taxable value of the properties should have remained

---

[1] *Jeff Props, LLC v City of Warren*, unpublished order of the Court of Appeals, entered September 21, 2022 (Docket Nos. 362978 and 362979).

capped. The MTT disagreed, finding there was a transfer of ownership such that the properties were subject to uncapping. These appeals followed.

## II. TRANSFER OF OWNERSHIP

Petitioner argues that the assignment of Jeff Properties, LLC, from the parents to John Junior was a transfer of ownership between first-degree relatives. Therefore, the two properties were exempt from uncapping. We disagree.

## A. STANDARD OF REVIEW

In cases where there is no allegation of fraud, "this Court reviews the [MTT's] decision for misapplication of the law or adoption of a wrong principle." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010). This Court should affirm the MTT's factual determinations if they are "supported by competent, material, and substantial evidence on the whole record." *Id*. (quotation marks and citation omitted). Issues of statutory interpretation are reviewed de novo. *Id*. "The primary goal of statutory interpretation is to give effect to the intent of the Legislature. The first step is to review the language of the statute. If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute." *Id*. at 76 (citations omitted).

## B. LAW AND ANALYSIS

Under MCL 211.27a(2), the taxable value of a property is "capped," meaning the taxable value of the property may only increase by 5% of the taxable value or the inflation rate, whichever is lower. But, when a "transfer of ownership" occurs, the taxable value of the property becomes "uncapped" and the property is taxed at its state equalized value, which is generally 50% of the property's true cash value. MCL 211.27a(3). In this case, respondent notified petitioner that the assignment of membership interest to John Junior constituted a "transfer of ownership" such that the taxable value of the two properties became "uncapped." The uncapping of the properties' taxable values caused their respective taxes owed to increase. The question on appeal is whether the assignment of membership interest was a "transfer of ownership" such that the properties were subject to uncapping.

" '[T]ransfer of ownership' means the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest." MCL 211.27a(6). MCL 211.27a(6) lists several transactions which are classified as "transfer[s] of ownership." These include "a conveyance of an ownership interest in a corporation, partnership, sole proprietorship, limited liability company, limited liability partnership, or other legal entity if the ownership interest conveyed is more than 50% of the corporation, partnership, sole proprietorship, limited liability company, limited liability partnership, or other legal entity." MCL 211.27a(6)(h).

While MCL 211.27a(6) lists the types of transactions that are "transfer[s] of ownership" subject to uncapping, MCL 211.27a(7) lists certain transactions that are *not* considered transfers of ownership and are therefore exempt from uncapping. Relevant here, MCL 211.27a(7)(t) states:

> Transfer of ownership does not include . . . [b]eginning December 31, 2013 through December 30, 2014, a transfer of residential real property if the transferee is related to the transferor by blood or affinity to the first degree and the use of the residential real property does not change following the transfer.

In April 2014, the parents executed an "Assignment of Membership Interest in Jeff Properties, LLC" in which they "convey[ed], transfer[red], and assign[ed] all of their right, title, and interest in and to all their membership interests in Jeff Properties, LLC" to John Junior. This included: "[A]ny and all of the transferors' rights to participate in the management and affairs of the Company, and to exercise any rights of a member in the Company." John Junior, as transferee, "accept[ed] such conveyance, transfer, and assignment and agree[d] to be bound by and to hold such membership interest subject to the terms and conditions of the Operating Agreement . . . ."

The MTT correctly determined that this assignment constituted a "transfer of ownership" under MCL 211.27a(6)(h). The assignment had the effect of conveying the 100% ownership interest in Jeff Properties, LLC, from the parents to their son, John Junior. Thus, there was a "transfer of ownership" under subsection (6)(h), and the two properties were subject to uncapping under MCL 211.27a.

While petitioner agrees that a "presumptive transfer of ownership" under MCL 211.27a(6)(h) had occurred, it argues that the two properties were not subject to uncapping because the assignment of membership interest fell under the "exception" at MCL 211.27a(7)(t). At the outset, we disagree that there are "exceptions" to the uncapping rules. Subsection (6) lists the transactions that *are* "transfer[s] of ownership," and subsection (7) lists the transactions that *are not* "transfer[s] of ownership." In other words, a transaction is either a transfer of ownership or it is not. As discussed, the transaction at issue—the assignment of membership interest in Jeff Properties, LLC—was plainly a transfer of ownership and is therefore subject to the uncapping rules.

Turning to the merits, petitioner's reliance on MCL 211.27a(7)(t) is misplaced. Subsection (7)(t) requires that the transferee be "related to the transferor by blood or affinity to the first degree." Here, the two properties at issue are owned by petitioner, a limited liability corporation. As already explained, a transfer of ownership occurred when John Junior obtained 100% interest in petitioner. While the parents and John Junior are certainly related "by blood or affinity to the first degree," the transfer between the parents and John Junior was of the type of property that was subject to uncapping. Rather, the parents conveyed *Jeff Properties, LLC* to John

Junior. In doing so, the parents conveyed the holding company that owned those properties. Because the conveyance of the two properties was a transfer of ownership in the context of the limited liability company, the transfer is subject to uncapping under subsection (6)(h) and the MTT did not err when it concluded as such.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien